UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CASE NO. 21-mj-274 |
| | * | |
| SHAWN CORTES MOSES | * | |
| Defendant | * | |

_____

### DEFENDANT'S MOTION TO REVIEW PRETRIAL DETENTION ORDER

Comes now the Defendant, by and through his attorney, and respectfully requests de novo review of the Magistrate Judge's decision to detain him pending trial. Mr. Moses is not a flight risk, and he is not a danger to the community—in fact, the charged offense allegedly occurred some three years prior to his arrest, and there is no allegation or indication that he has been arrested or convicted of any criminal activity since that date. Mr. Moses does not have any criminal convictions. Despite the rebuttable presumption of detention applicable to this case due to the nature of the charges herein, we submit that Mr. Moses' lack of criminal record, his personal reliability, willingness and ability to comply with any Court Orders and directives, his family and other ties to the community and the

Washington Metropolitan area, and the evaluation and treatment opportunities available to him are sufficient to rebut the presumption of dangerousness in this case. Additionally we submit that the community, including Mr. Moses, would be better served by having him utilize the pretrial period proactively, by undergoing evaluation and intensive counseling and treatment as determined by a trained professional. Mr. Moses' family has identified a Center where he may do so. The National Institute for the Study, Prevention and Treatment of Sexual Trauma was established by Dr. Fred Berlin, who is nationally known in the area of the evaluation and treatment of sexual disorders. Mr. Moses and the community would be much better served by making efforts to gain insight into whether or what evaluation or treatment may be indicated herein, and being able to interact with Dr. Berlin's facility to determine whether or what is appropriate at this early stage of the case. Consequently, Mr. Moses requests that the Court release him to home detention with GPS, with allowances to leave for court appearances, meetings with counsel, meetings with the Pretrial Services Agency and medical/evaluation/therapy appointments and any other conditions the Court deems appropriate, and submits that this combination of conditions would be sufficient to protect the community under the circumstances herein.

As of the filing of this motion Counsel for Mr. Moses has not been able to connect with AUSA Larson regarding her position on this motion despite efforts by both sides to do so, and consequently cannot include the Government's position on this request.

## BACKGROUND

At the initial appearance on March 3, 2021, the government moved for detention pending trial pursuant to the federal bail statute, 18 U.S.C. § 3142(f)(1)(A) (hereinafter BRA), because the charged offense is considered a crime of violence, stating that there is no condition or combination of conditions that will reasonably assure the safety of any person and the community. The government's motion was granted by the Court. The government's oral argument at the detention hearing was supplemented by the Government's Memorandum for Pretrial Detention, ECF Docket No. 3.

## STANDARD OF REVIEW

On request for review of the release order in this case, this Court considers de novo the Magistrate Judge's decision that pretrial detention is necessary to safeguard the community.

> Neither § 3142 nor § 3145 of the BRA specifies the standard of review to be applied by a district court reviewing a magistrate judge's release or detention order, and "the D.C. Circuit has not yet addressed the issue." *United States v. Hunt*, 240 F. Supp. 3d

128, 132-33 (D.D.C. 2017). Nonetheless, both the BRA and the Federal Magistrates Act, 28 U.S.C. § 636 support the conclusion, reached by every circuit to have considered the question, that a district court reviews a magistrate judge's release or detention order *de novo*.

*United States v. Chrestman*, 2021 U.S. Dist. LEXIS 36117 (February 26, 2021)

Under the BRA, pretrial detention must be supported by clear and convincing evidence when the justification involves the safety of the community. *See id., see also U.S. v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987).

## NATURE AND CIRCUMSTANCES OF THE OFFENSES CHARGED

Mr. Moses was arrested on March 3, 2021, and he has been charged via Criminal Complaint with the Sexual Exploitation of Children, in violation of Title 18 United States Code Sections 2251(a), and First Degree Child Sexual Abuse with Aggravating Circumstances, in violation of D.C. Code §§ 22-3008, 3020(a)(1), 3020(a)(4). The Sexual Exploitation of Children is a crime of violence, it is also an offense involving a minor victim under section 2251(a) and thus, under 18 U.S.C. § 3142(e)(3)(E), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. This presumption "operate[s] at a minimum to impose a burden

4

of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (observing that the presumptions in § 3142(e) "are rebutted when the defendant meets a burden of production by coming forward with some evidence that he will not flee or endanger the community if released"); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

In determining whether the defendant has overcome that presumption, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See 18 U.S.C. § 3142(g). United States v. Stone, 608 F.3d 939, 945-46 (6th Cir. 2010) ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'").

**I. Analysis**

Mr. Moses submits that the presumption of dangerousness is rebutted in this case because a combination of conditions that include evaluation and

intensive therapy and treatment as determined by a trained professional, home incarceration with GPS, limitations on internet access if appropriate and allowances to leave only for court appearances, meetings with counsel, meetings with the Pretrial Services Agency and medical appointments will reasonably assure the safety of any other person and the community during this pre-trial period while Mr. Moses enjoys the presumption of innocence. Mr. Moses notes that the Government did not base its detention request in this case on any risk of flight, and that the Pre-trial Services Report specifically noted that Mr. Moses' failure to appear risk is low.

**A. Nature and Circumstances of the Charged Offense and the Weight of the Evidence.**

A Statement of Facts has been filed with the Criminal Complaint. At this Pre-trial stage Mr. Moses understands that there are certain presumptions attached to the charges and statement of facts as posited in the complaint, and makes no comment about the Government's version of the case at this point except to reiterate that the presumption of innocence is still applicable.

**B. History and Characteristics of the Defendant**

Mr. Moses is only 26 years old. He has no criminal record.[**] The criminal conduct alleged in this case occurred approximately three years prior to Mr. Moses' arrest. There have been no arrests or criminal convictions between the date of the alleged charged offense and the present. Mr. Moses is a college graduate, having completed his bachelor's degree at Bowie State University. Before his arrest he worked with Deloitte as a contractor for the Federal Government. His parents are willing to act as custodians and or guardians or in any capacity necessary to assure the Court that he will comply with any pretrial conditions as ordered. He has a great deal of support from his family and the community, and letters from members of the community are attached as exhibits to this motion.

## C. The Nature and Seriousness of the Danger to Any Person or the Community

Mr. Moses does not seek to minimize the nature and seriousness of the charged offense.

## CONCLUSION

Mr. Moses is not a flight risk. He is a college graduate who was born and raised in the Washington Metropolitan area, and has strong ties to the community. Before his arrest Mr. Moses had a job as a contractor with the

---

[**] He has a prior arrest for Soliciting a Prostitute in 2014.

7

federal government. Information about Dr. Berlin and his Institute is included with this motion. Also included with this motion are letters from members of the community who can attest to the fact that Mr. Moses is reliable and dependable, willing and able to follow orders, and has the ability and history of being responsible and complying with requirements and orders. This demonstrates that he will comply with any pre-trial release conditions set by the court. Three years have passed since the time of the allegations as charged in the complaint—three years without any arrests or convictions for Mr. Moses. If Mr. Moses is released with the condition that he undergo evaluation by the National Institute for the Study, Prevention and Treatment of Sexual Trauma, and be confined to home detention with any restrictions that the Court deems necessary including GPS monitoring and release only for Court Appearances, evaluation and any indicated therapy, attorney meetings can be handled by remote technology. Consideration of the above information, the applicable statutory factors and any other information that Mr. Moses is allowed to present at a hearing on this motion, would demonstrate that Mr. Moses can rebut the presumption that community safety compels that he should be detained pending trial, because the combination of the conditions above would appropriate limit his community

8

interaction such that he would not need to come into contact with anyone who might be of concern to the Court. Consequently, we ask that the Court release Mr. Moses on conditions while this trial is pending, and that the Court hold a hearing in this matter.

Respectfully Submitted,

\_\_/s/_____
Wanda J. Dixon, Esq.
Attorney for Defendant Moses
The Dixon Law Firm, LLC
1401 Mercantile Lane, Suite 381
Largo, MD   20774
DC Bar number 420242
wdixon@thedixonlawfirm.law
301-456-5156

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2021, the foregoing was served by CM/ECF on all registered CMF users.

\_\_/s/_____
Wanda J. Dixon